§eAWei,l, J.
Upon full consideration of this case, J am well satisfied, I was mistaken in the direction I gave to the Jury, in respect to faking into consideration tfie standing of the parties, in assessing the damages.
I think the true rule is, that the Jury are not permitted to take into consideration any thing, which w opld not be -admissible to be given in evidence. The evidence is either to inform the Jury in respect to the existence of a fact put jn issue, or as to its quality and extent. Wherg *305 the character of a party is put in issue, or the matter in controversy is vindictive or matter of feeling, the extent of th' injury done in the latter case, as well as the existence of the fact in the first case, can in some degree be esti* mated by the standing of the parties—and where the evidence is conducive to the matters or their extent, put in issue, it is admissible.
In this case the standing of the parties was not conducive to inform the Jury upon either of those points.
There must be a new trial—but upon all the other points I see no reason to alter the opinion I entertained on the triai.
Hall, J. Daniel, J* and Ruffin J. concurred.